IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-64,186-01






EX PARTE HERNANDO ESTRADA RAMIREZ, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

CAUSE NO. 2003-745-C IN THE 54TH DISTRICT COURT

MCLENNAN COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of murder and sentenced to confinement for ninety-nine years. Applicant's conviction was affirmed on appeal. Ramirez v. State, No. 10-04-00078-CR (Tex. App.--Waco, delivered March 23, 2005, no pet.).

 Applicant contends that he was denied the opportunity to file a petition for
discretionary review (PDR). The trial court has entered findings of fact or conclusions of law
recommending that Applicant be granted an out-of-time PDR. However, we do not believe
that those factual findings are sufficient to completely resolve the issues presented. Because
Applicant has stated facts requiring resolution and because this Court cannot hear evidence,
it is necessary for the matter to be remanded to the trial court for resolution of those issues. 
The trial court shall resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, §
3 (d), in that it may order affidavits, depositions, or interrogatories from appellate counsel,
or it may order a hearing. In the appropriate case the trial court may also rely on its personal
recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether appellate counsel timely
notified Applicant that his conviction had been affirmed on appeal and that he was entitled
to file a PDR pro se. The trial court shall then make findings of fact as to whether Applicant
is entitled to an out-of-time PDR. The trial court shall also make any further findings of fact
and conclusions of law it deems relevant and appropriate to the disposition of the application
for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within 90 days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within 120 days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 26th DAY OF APRIL, 2006.





 

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.